46 So.2d 891 (1950)
FOTE
v.
REITANO et al.
Supreme Court of Florida, Division A.
May 26, 1950.
Rehearing Denied July 5, 1950.
J.F. Gordon and L.G. Egert, Miami, for appellant.
Irving F. Kalback and Roland J. Lavelle, Miami, for appellees.
ROBERTS, Justice.
The plaintiffs, appellees here, filed suit in the court below for the rescission and cancellation of a contract for the purchase and sale of the defendant-appellant's business, being a wheel alignment service. The contract sought to be rescinded, dated December 17, 1947, and styled a "Deposit Receipt," recited that $7,000 had been paid *892 down as a deposit on the purchase price of the business, which was $70,000, and provided that the terms of the deal were $20,000 cash and the balance of $50,000 payable over a six-year period in monthly installments. The "Deposit Receipt" further provided that all necessary instruments for the sale of the business should be executed and the balance due for the completion of the transaction should be paid over, within 14 days from the date thereof. The plaintiffs sought rescission of such contract on the ground that defendant misrepresented the net profit of the business, and prayed for a return of their $7,000 deposit. Relief being granted as prayed, the defendant has perfected this appeal from the final decree of the lower court.
The plaintiffs in their bill of complaint alleged the false representation to be that the net profits of the business were $666 per week which, after a deduction of $250 for amortization of the debt and rent for the premises, would leave a net profit to the plaintiffs of $416 weekly. The Special Master found that the plaintiffs proved that the false representation was that the net profit from the business was $30,000 per year. He also found that the defendant "misrepresented the income from his business because he did not have an accurate knowledge of his income, or, he was guessing in order to impress the plaintiffs with his income and induce them to purchase his business." The findings of the Special Master were affirmed by the Chancellor.
We do not decide whether or not there was a fatal variance between the allegata and the probata above referred to, since the final decree must be reversed on other grounds, as will be hereinafter noted.
In the first place, the testimony is conflicting and confusing as between the two plaintiffs themselves, and even as to the individual testimony of the plaintiff Joseph Reitano, as to the exact occasion and the circumstances under which the defendant represented the net profits to be $30,000.00 annually. The evidence in this respect is not sufficiently clear and convincing to sustain the burden of proof imposed upon plaintiffs.
In the second place, since reliance upon a false representation is an essential element of the plaintiff's cause of action, the plaintiffs must prove that they were justified in relying upon the false representation, that they did rely upon it, and that they acted in reliance upon it to their injury. 24 Am.Jur., Fraud and Deceit, Section 264, page 98. In measuring their right to rely upon such representation, it has been said that every person must use reasonable diligence for his own protection. 23 Am.Jur., Fraud and Deceit, Section 155, page 961. The plaintiffs were experienced business men. They inspected the defendant's place of business and equipment at length upon at least two occasions before signing the contract and making the deposit. There was no evidence that they were denied the right to examine the defendant's accounts. In fact, it appears that their accountant began the examination of defendant's books either shortly before the contract was signed, or on the day after its execution. And, certainly, it cannot be said that a representation of a $30,000 annual net profit on a $70,000 investment should be taken at its full face value by the prospective purchaser, without some support from independent investigation by such purchaser.
Moreover, it is provided in the contract signed by plaintiffs that plaintiffs had "inspected subject property, verified and investigated all oral representations heretofore made and all details heretofore set forth to my or our entire satisfaction." We do not decide whether such recital would operate to estop plaintiffs from seeking to rescind the contract because of misrepresentations, in the absence, as here, of actual fraud. But we do think that such recital is evidence, apparent in the record, that plaintiffs did not, in fact, rely upon the misrepresentation.
It is also noteworthy that, a short time after the transaction here in question, the defendant sold his business for the sum of $65,000 cash, and an automobile, and without having to pay a commission.
*893 It is our opinion, therefore, that the plaintiffs failed to prove that they were justified in relying upon the representation alleged to have been made by defendant or that they did, in fact, rely upon it, if, indeed, such misrepresentation could ever have constituted a fraud and hence a basis for rescission. The final decree should be reversed, with directions to the Chancellor to enter a final decree in defendant's favor.
It is so ordered.
ADAMS, C.J., and TERRELL, SEBRING and HOBSON, JJ., concur.
CHAPMAN and THOMAS, J., dissent.