82 So.2d 502 (1955)
Stanley POTAKAR, Appellant,
v.
Joe HURTAK, Appellee.
Supreme Court of Florida. Special Division A.
September 23, 1955.
Verne L. Freeland, Miami, for appellant.
William F. Brown, Jr., Miami, for appellee.
ALLEN, Associate Justice.
This is an appeal from a final order of the Circuit Court for Dade County dismissing, with prejudice, a complaint filed by appellant Potakar against appellee Hurtak, seeking damages for fraudulent misrepresentation by way of an action for deceit.
The amended complaint alleged that in the course of a certain lease transaction between the parties, the appellant, plaintiff below, "specifically asked the defendant if the previous lessees had shown a profit and the defendant did falsely state that the previous occupants and lessees of said business [a restaurant] had made a profit;" that "in fact the defendant had a peculiar knowledge of the facts and knew that the said restaurant had lost money for several years;" that the representation was made by defendant "as agent for and representative of the lessors of the property," with the "purpose and intent to defraud, deceive and influence the plaintiff to lease" the property; that plaintiff "was not afforded an opportunity to investigate" the matter, but relied upon the statement and suffered damages by virtue of the fact that "the said restaurant was not profitable and had never been profitable."
The defendant below filed a motion to dismiss the amended complaint on the grounds that the bill failed to state a claim upon which relief could be granted, and that the allegations of fraud were not made with sufficient particularity. The lower court granted the motion and dismissed the complaint with prejudice.
Two questions were posed in the briefs of the parties: (1) Did the amended complaint sufficiently state a cause of action in tort for deceit? (2) Did the court err, in the absence of any request for leave to amend, in dismissing the cause with prejudice?
*503 In the oral argument the attorney representing the plaintiff abandoned the second question, so we have before us only the first question above stated.
The amended complaint did not allege what statement was made by the defendant other than that he made a false statement as to past profits of a certain restaurant business. There were no allegations as to the past profits, no showing as to the right of the plaintiff to rely on past statement, no fact stated as to the diligence on the plaintiff's part in investigating, or failing to investigate such facts, or how he was prevented from investigating the past profits of the said business.
In the case of Fote v. Reitano, Fla., 46 So.2d 891, 893, Justice Roberts in his opinion stated that reliance upon a false representation is an essential element of a cause of action in deceit and that the party seeking to rescind a contract must prove that he was justified in relying upon such false representation.
In the above case which was a suit by the appellees for rescission and cancellation of a contract for purchase and sale of a wheel alignment service business, among other things recited as grounds for rescinding the contract were oral representations made that the net profit of the business was $660 per week, which after certain deductions would leave a net profit of $416 weekly. It was alleged that this was false and was claimed as one of the grounds of the rescission of said contract. The court stated: "It is our opinion, therefore, that the plaintiffs failed to prove that they were justified in relying upon the representation alleged to have been made by defendant or that they did, in fact, rely upon it, if, indeed, such misrepresentation could ever have constituted a fraud and hence a basis for rescission. The final decree should be reversed, with directions to the Chancellor to enter a final decree in defendant's favor."
In the case of Schneider v. Binder, Fla., 72 So.2d 909, an action had been brought by a broker against holders of leasehold interest and purchasers thereof for damages. The lower court entered a judgment dismissing the complaint and plaintiff appealed. The Supreme Court, with Justice Terrell writing the opinion, held that the broker's complaint alleging fraud was fatally defective because of insufficiency of allegations as to listing and sales price and other deficiencies.
In the opinion above the court said: "We have examined these cases and the doctrine on which they are based has much to commend them to a court of equity but we are confronted with a complaint that is devoid of some of the fundamental requisites of such a pleading. There is not sufficient showing of breach of duty on the part of defendants, the listing and sales price are indefinite, the showing of damages is short of the requirement and there are other deficiencies not necessary to detail. Appellant has briefed his contention very thoroughly but his complaint being fatally defective we express no opinion as to whether or not we would follow the rule applied in the cases he relies on even though as applied in those cases it has merit."
23 Am.Jur., Fraud and Deceit, p. 960, Sec. 155, states the general rule as to duty to investigate fraudulent statements. It is there stated: "The authorities are well agreed that the principle of right of reliance is closely bound up with a duty on the part of a representee to use some measure of protection and precaution to safeguard his interest. It is well settled as a broad generalization, that a person to whom false representations have been made is not entitled to relief because of them if he might readily have ascertained the truth by ordinary care and attention, and his failure to do so was the result of his own negligence. Although the authorities are in accord on the abstract proposition that there is no right of reliance if the conduct of the representee constitutes negligence in the premises, under the circumstances of the case, the nature of the transaction and representations, and the situation of the parties, the authorities are not in perfect accord as to the standard by which the conduct of the representee is to *504 be judged. According to some courts, the test is objective. It has frequently been stated that in order that false representations be a ground for an action of deceit, or for rescission of a contract entered into in reliance thereon, they must be such as are calculated to impose upon or deceive a person of ordinary prudence, and of such a character that a reasonable prudent person would rely on them. According to other courts, the standard for measuring the conduct of the representee is subjective, based not on what the ordinary man would do under the circumstances, but on what the particular representee should have done. Under this view, the test for determining whether one party to a transaction has a right to rely on representations of the other is not whether a reasonable man would be justified in relying on such representations, but whether they were of such a nature and made in such circumstances that the complaining party had a right to rely thereon. A rule which has been approved, and which combines those elements of both the objective and subjective tests which have been stated by the courts enunciating them to be desirable, is that in measuring the right to rely upon representations, every person must use reasonable diligence for his own protection. Under any standard of conduct, and in the absence of accompanying actual deception, artifice, or misconduct, it is well agreed that where the means of knowledge are at hand and are equally available to both parties, and the subject matter is equally open to their inspection, if one of them does not avail himself of those means and opportunities, he will not be heard to say that he was deceived by the other's misrepresentations. * * *"
The amended complaint did not allege facts which meet the test hereinabove set forth. The decree appealed from is therefore affirmed.
DREW, C.J., and TERRELL and ROBERTS, JJ., concur.