114 So.2d 645 (1959)
ALEPGO CORPORATION, d/b/a Downtown Answering Service, Appellant,
v.
Nathan POZIN, Jean Pozin, as Trustee for Jan M. Pozin, Jean Pozin, as Trustee for Elaine P. Pozin, Jean Pozin, as Trustee for Dawna M. Pozin, Jean Pozin, as Trustee for Marcia E. Pozin, Appellees.
No. 58-469.
District Court of Appeal of Florida. Third District.
On Petition for Rehearing and On Suggestion of Disqualification and/or Recusement April 27, 1959.
On the Merits August 20, 1959.
Rehearing Denied September 23, 1959.
*646 Claude Pepper Law Offices, and Walter A. Apfelbaum, Miami, for appellant.
Daniel Neal Heller, Miami, for appellees.

Order on Petition for Rehearing
PER CURIAM.
Associate Judge MILLEDGE having recused himself from consideration of this case, and the appellees having filed petition for rehearing of the opinion rendered by this court on March 24, 1959, it is, upon consideration, ordered that the opinion of the court, rendered on March 24, 1959, be and the same is hereby withdrawn, and this cause is set for oral argument before the court on the 26 day of May, 1959, at 9:00 o'clock, a.m.
Accordingly, the petition for rehearing is denied.

Order on Suggestion of Disqualification and/or Recusement
PER CURIAM.
Counsel for the appellees has filed herein a suggestion of disqualification of Associate Judge Stanley MILLEDGE who prepared the opinion of the court in this cause, or in the alternative, that said Stanley Milledge recuse himself.
The court has considered the suggestion of disqualification and the same is hereby denied. See § 38.10, Fla. Stat., F.S.A. and Ball v. Yates, 158 Fla. 521, 29 So.2d 729, 734.
Upon the alternative suggestion that Associate Judge Milledge recuse himself, the said judge has filed with the court a statement recusing himself in this cause.
HORTON, Acting Chief Judge, and PEARSON, J., concur.

Opinion on Merits
PER CURIAM.
This appeal was first argued before two judges of this court and Associate Judge Stanley Milledge, who formerly was Circuit Judge of the Eleventh Judicial Circuit of Florida, and who now is retired. The court rendered its judgment of reversal. Thereafter a suggestion was filed by the attorney of record for the appellees, for disqualification of Associate Judge Milledge and for a reconsideration of said case by this court. The motion for disqualification was denied, but Judge Milledge voluntarily recused himself from further participation, as indicated by his written statement filed in the cause. The appeal was then reargued, and this court on consideration thereof has reached the same conclusion as that which followed the initial argument and consideration of the case, and hereby enters its judgment reversing and remanding the cause for further proceedings.
In this case, the plaintiff in an action at law for fraudulent misrepresentation appeals from a final summary judgment for the defendant entered by the circuit court in Dade County.
From the pleadings and depositions before the court, it appears that the plaintiff bought a telephone answering service from the defendant. At the time of the negotiations and sale, the business consisted of ninety-five accounts. One Adele Fay was the defendant's chief operator and business solicitor; and the defendant knew that she was leaving his firm and going into competition and would take with her most of the accounts. Defendant revealed to the *647 plaintiff that he had lost this employee but did not reveal the importance of her absence. It appears that Adele Fay had solicited and brought in most of the accounts and was in a position to take them with her. Indeed, according to Adele Fay, the defendant had offered her $5,000 if she would "just sit there and just pretend nothing was amiss." In addition, the record discloses defendant actively misled the appellant by replying to an inquiry as to where Adele Fay was by saying that she had left town and gone north, but that he did not know where.
Summary judgment is not a substitute for a trial; and fraud is a subtle thing requiring full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute fraud. Since the whole context is necessary for the determination, it is seldom that one can determine the presence or absence of fraud without trial. See Smith v. Hines, 10 Fla. 258; Allen v. Tatham, Fla. 1952, 56 So.2d 337. If the plaintiff's complaint and depositions state a cause of action, we must hold the trial court erred in granting summary judgment for the defendant since we take the view that the evidence, if believed, would be sufficient to make out a case.
The defendant held himself out as a man of business stability and integrity. When he told plaintiff that only one or two accounts were leaving or giving notice to leave, he had knowledge to the contrary. In sum, the depositions set forth at the least a genuine issue of fact as to the existence of fraud or actionable misrepresentation. A seller who misrepresents a material fact knowing that it is untrue and that the buyer will rely thereupon can be held responsible for his misdeeds. Board of Public Instruction of Dade County v. Everett W. Martin & Son, Fla. 1957, 97 So.2d 21.
Appellee contends that appellant's negligence in failing to discover appellee's fraud should preclude recovery. On the facts here presented that argument is without merit. One to whom a positive representation has been made can rely upon such representation and need not make further inquiry concerning the particular facts involved. See Board of Public Instruction of Dade County v. Everett W. Martin & Son, supra, Fla. 1957, 97 So.2d 21. In that case, a contractor's misrepresentation of the price of extras was held to constitute actionable fraud and deceit. The court held it to be no defense that the Board's architect failed to investigate the truth of the representations. The Martin case relied on Wheeler v. Baars, 33 Fla. 696, 15 So. 584, which held that a plaintiff was not barred from recovery in a fraud case because he had not searched the public record to discover a lien, the existence of which produced the plaintiff's damage. See, also, Prosser, Torts, 552-554 (2d Ed. 1955); Restatement, Torts, § 540; Harper & James, Torts, § 7.12.
The judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
HORTON, C.J., and PEARSON and CARROLL, JJ., concur.