311 So.2d 755 (1975)
Emil MORTON, Appellant,
v.
Henry M. YOUNG, Appellee.
Nos. 74-743, 74-958, 74-960.
District Court of Appeal of Florida, Third District.
April 29, 1975.
Sibley, Giblin, Levenson & Ward and Allan M. Glaser, Miami Beach, for appellant.
Abrams, Anton, Robbins, Resnick & Schneider and Joseph E. Price, Jr., Hollywood, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellant, plaintiff in the trial court, appeals an adverse final judgment in an action for rescission of contract.
Defendant, Henry M. Young, who was an acquaintance of Emil Morton, the plaintiff, owned several thousand shares in a corporation whose stock was unregistered. In January 1969, defendant approached Morton and offered to sell him some of his unregistered stock. Upon plaintiff Morton's inquiries as to the possible future registration thereof, defendant Young, in the presence of plaintiff and plaintiff's secretary, stated that the stock would be registered by no later than July 1970. Thereupon plaintiff Morton purchased 4,000 shares of the subject stock at $12 per share for a total purchase price of $48,000. Subsequently, *756 in May 1970 defendant Young informed Morton that he (Young) could not cause the shares to be registered. Thereafter, plaintiff Morton instituted the instant action for rescission of contract on the grounds that there was a confidential relationship between him and Young and that he relied upon the promise of registration of the stock as a condition subsequent to the purchase agreement. The cause proceeded to a nonjury trial at the conclusion of which the trial judge found in part as follows:
"1. That the sale of unregistered stock on January 22 and 28 of 1969 from the Defendant to the Plaintiff was an arms-length transaction.
length transaction.
"2. The Court finds that the Defendant has not been shown to have had a special inside knowledge in the corporation in question.
"3. That the Defendant has not been shown to have been a principal stockholder nor a dominent officer nor a director of the corporation, nor does the Court find that the Defendant is a stockbroker or dealer by profession, vocation or advocation.
"4. The Plaintiff admitted in his testimony that neither the Defendant nor any outside instrument interfered with his own ability to understand the true nature of the Defendant's true position with the corporation or the actual nature of the stock that he purchased.
"5. The Plaintiff also admitted that he knew the nature of the unregistered stock, and received exactly what he intended to purchase; that is, four thousand shares of unregistered stock for $48,000.00.
"6. There is a lack of any evidence to show any reason for the Plaintiff to have relied upon the oral promise to have the stock registered eighteen months from the date last purchased.
"7. That the Plaintiff was not an astute stock manipulator, but that he is a sophisticated businessman with accountants and with two stockholders  one in New York and one in Miami  to investigate or counsel him in the transaction, but that he himself admittedly chose not to either seek or rely upon such advice and counsel, but instead upon a friendly word.
"8. The burden was not sustained by the Plaintiff that the Defendant willfully made misrepresentations to the Plaintiff, inducing the Plaintiff to purchase the stock, nor was the evidence sufficient to show by the burden of proof that any misrepresentation that was allegedly made constituted an inducement to the Plaintiff, nor justified the Plaintiff, in relying upon that misrepresentation."
Based thereon, the judge entered judgment in favor of the defendant, Henry Young. This appeal ensued.
Appellant first and foremost argues that the trial judge erred in his conclusions that the sale of the stock was an arms length transaction and that appellant did not have a right to rely upon the oral promise by the defendant to have the stock registered.
Our first concern is with the appellant's contention that there existed a confidential relationship between himself and Young.
A fiduciary relationship exists between the parties where there is a relation of trust and confidence between them, that is, where confidence is reposed by one party and a trust accepted by the other party; the existence of such a relation is one of fact. Van Woy v. Willis, 153 Fla. 189, 14 So.2d 185 (1943). The evidence in the case sub judice with respect thereto reflects that Morton and Young were casual acquaintances who had participated in a weekly poker game, sometimes had lunch together and on previous occasions had some minor business dealings, none of which were stock related. Testimony further *757 demonstrated that Morton brought in his secretary of 14 years as a witness and required defendant Young to state in her presence that he (Young) would cause the stock to be registered not later than July 1970. Upon the above, the trial judge sitting as the trier of the facts found that there was no confidential relationship between the parties. We find no error in this finding and agree that the instant stock purchase was an arms length transaction between stock traders.
We now turn to the basic issue for our determination, to wit: Whether plaintiff Morton had the right to rely upon Young's statement that the stock was going to be registered by July 1970.
In measuring plaintiff's right to rely upon such representation, it has been said that every person must use reasonable diligence for his own protection. Fote v. Reitano, Fla. 1950, 46 So.2d 891. Plaintiff was an experienced businessman who had accountants, lawyers and stockbrokers. Nevertheless, plaintiff admitted that he did not consult any of them with regards to the subject stock purchase. On the other hand, defendant Young was not a majority shareholder in the corporation nor was he an officer or director thereof.
Had Morton taken the time to consult with his stockbrokers, lawyers or accountants, he would have been informed by anyone of them that a minority shareholder cannot by himself cause the stock to become registered, a long and intricate process. Furthermore, even if the corporation desired to register its stock, the registration thereof must be approved by the Securities Exchange Commission or its counterpart on the state level. Morton having failed to make any independent investigation, he now cannot be heard to say that he was deceived by defendant's alleged misrepresentation. See Potakar v. Hurtak, Fla. 1955, 82 So.2d 502. Thus, we conclude the trial judge was authorized to find on the record that plaintiff Morton failed to sustain the burden of demonstrating that he was justified in relying upon the alleged misrepresentation.
We also have considered appellant's remaining points on appeal and in light of the above findings no reversible error has been made to appear therein.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.