332 So.2d 129 (1976)
William D. FOLZ et Ux., Appellants,
v.
Kenneth BEARD, Appellee.
No. 74-1332.
District Court of Appeal of Florida, Second District.
May 19, 1976.
Richard B. Moritz, Largo, for appellants.
David A. Luczak, Largo, for appellee.
PER CURIAM.
Appellants William Folz and wife appeal from a final judgment rescinding, for fraud, the sale of an employment *130 agency to appellee, Kenneth Beard. We reverse since the trial court improperly instructed the jury on the law pertaining to actionable fraudulent inducement.
After presentation of evidence, the jury returned a verdict against appellants apparently upon a finding that certain representations made by appellants amounted to actionable fraud supporting rescission. The verdict was based upon the following charge, given over appellants' objection, purporting to state the law as to appellee's right to rely upon the representations made by appellants:
"If one party to a transaction possesses superior knowledge of the facts material to the transaction and statements of the party possessing such superior knowledge and the other party does rely upon the information and representations of the person possessing such superior knowledge and if the facts in evidence show the Defendant knows the Plaintiff was relying upon his statements and that the reliance by Plaintiff on Defendant's representations are justifiable, the law imposes upon the person possessing such superior knowledge the duty of acting in the utmost good faith and of giving to the Plaintiff full and accurate information possessed by the Defendant affecting the transaction and if under such circumstances the person occupying the position of superior knowledge abuses the reliance placed in him by the Plaintiff by words or conduct or both and thereby induces Plaintiff to enter into the transaction by false representations, you must find for the Plaintiff."
We think the charge is ambiguous, misleading, obviously incomplete and improperly states the applicable law. It is the rule in Florida that in the absence of a fiduciary relationship, or of actionable fraud inducing the representee to forbear investigation, or of circumstances making an investigation impossible, difficult, or expensive, (none of which circumstances is established here), the representee is under a duty to exercise reasonable diligence for his own protection. Thus in the absence of accompanying undiscoverable deception, artifice, or misconduct, where the means of knowledge are at hand and are equally available to both parties and the subject matter is equally open to their inspection, if one of them does not avail himself of those means and opportunities he will not be heard to say that he was deceived by the other's misrepresentations.[1]
The instruction given here is fatally defective since it fails to include any language placing a duty upon the buyer to investigate beyond the representations made by appellants. That is to say, it omitted any reference to the law appertaining to appellee's "right of reliance." The instruction thus effectively removed any burden from the buyer in the transaction and improperly led the jury to believe that mere misrepresentations by appellants would constitute sufficient grounds for rescission.
Appellee suggests that a "fiduciary" or "confidential" relationship existed and that therefore he met one of the exceptions to the general rule. This is so, he says, because, since the seller was of the same religion as he, he was justified in reposing more than usual confidence in him and was entitled to the charge.
Although a proper instruction on the point could be sustained if a true confidential or fiduciary relationship in fact existed, the cited circumstances do not support the finding of such a relationship in this case.[2] The parties were, *131 in law, dealing at arm's length. Simply showing that both were acquaintances and belonged to the same religion will not, in our view, give rise to the higher relationship conceptually envisioned by the terms "confidential" or "fiduciary."[3]
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and appellants are awarded a new trial.
McNULTY, C.J., HOBSON, J., and EARNEST, JAMES H., Associate Judge, concur.
NOTES
[1] See Beagle v. Bagwell (Fla.App.1st, 1964), 169 So.2d 43; 14 Fla.Jur., Fraud and Deceit § 68 (1957).
[2] We point out here that the objected to charge quoted herein, being obviously incomplete, would not be a proper one even if appellee's point was well taken.
[3] Cf. Morton v. Young (Fla.App.3d, 1975), 311 So.2d 755.