339 So.2d 266 (1976)
Leo MARTIN and Gloria Martin, His Wife, Appellants,
v.
Irwin N. PASKOW and Joan B. Paskow, His Wife, Appellees.
Nos. 76-353, 76-456.
District Court of Appeal of Florida, Third District.
November 9, 1976.
Rehearing Denied December 3, 1976.
*267 Horton, Perse & Ginsberg, Eugene P. Spellman, Miami, for appellants.
Noriega, Bartel, Chopp, Schatz, Levine & Shuford, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
The appellants, Leo Martin and Gloria Martin, his wife, were the defendants in an action for rescission of a real estate transaction in which their fifty-two unit apartment building was exchanged for vacant land owned by Irwin N. Paskow and Joan B. Paskow, his wife. The Paskows were the plaintiffs and are appellees here. The judgment appealed held that the Martins were guilty of substantial fraud and concealment in the transaction so that the plaintiffs were entitled to the remedy of rescission.
On this appeal, the defendants' primary thrust for reversal is the argument that even though there is evidence in the record to support the finding of fraud, there is not sufficient evidence to support the remedy of rescission because the manifest weight of the evidence demonstrates that the plaintiffs did not have a right to rely upon the representations which induced the transaction. We have examined the record in the light of this argument and have reached the conclusion that the defendants are, in this regard, asking us to re-evaluate the evidence which was accepted by the trial judge. We hold that there is sufficient evidence in the record to support the finding of the trial court that the plaintiffs had a right to rely upon the fraudulent representations which were made to them. Where the record shows that positive representations are made for the purpose of inducing a plaintiff to act to his detriment, the defendant cannot complain that the plaintiff did, in fact, rely upon the representations made. See Board of Public Instruction of Dade County v. Everett W. Martin & Son, 97 So.2d 21 (Fla. 1957); and Alepgo v. Pozin, 114 So.2d 645 (Fla. 3d DCA 1959). Therefore, because the record supports the finding of the trial judge and because the law supports the remedy in situations such as this, we find no error upon the granting of the remedy of rescission.
Two other points raised by the appellants require discussion. The first of these is directed to the allowance of an attorney's fee to the plaintiffs in the amount of $40,000 as an element of damages. The trial judge found:
"THIS CAUSE came on before the Court for assessment of attorneys' fees in favor of Plaintiffs and against Defendants. This Court has found, as the trier of fact, sitting in equity, that malice and fraud have been established by specific, certain and conclusive evidence and that the within Plaintiffs, ancillary to obtaining restitution, by way of rescission, are entitled to attorneys' fees as an element of their damages. Codomo vs. Emanuel, Fla. 1956, 91 So.2d 653; Baya vs. Central & Southern Florida Flood Control District, Fla.App. 2nd Dist. 1966, 184 So.2d 501; Weisenberg vs. Carlton, Fla.App. 2d Dist. 1970, 233 So.2d 659; Upchurch vs. *268 Mizell, 50 Fla. 456, 40 So. 29, at 32 (1905); Schlein vs. Smith [82 U.S.App.D.C. 42], 160 F.2d 22 (D.C. Cir.1947); Cf. Milohnich vs. First National Bank of Miami Springs, Fla.App. 3d Dist. 1969, 224 So.2d 757 [759]."
We hold that the cases cited do not authorize the allowance of an attorney's fee as an element of damages in this cause. It is frequently stated that an attorney's fee is allowed in Florida only where provided by statute, contract or the equitable nature of the action so that full relief cannot be granted except by the allowance of such a fee. See Bieley v. Jennings Construction Corporation, 212 So.2d 809 (Fla.3d DCA 1968). Appellees urge that while there is not, and should not, be a rule that attorneys' fees are an element of damages in every fraud case, such fees should be allowed in cases where the proof of fraud is specific, certain and conclusive. The application of such a rule to fraud cases would be impractical in that it would allow the assessment of additional damages on the discretion of the trial judge without a set of standards or guidelines for the ascertainment of the right to this element of damages. A review of the record in the light of the briefs and oral argument does not demonstrate that the allowance of an attorney's fee is any more necessary in this case to the granting of complete relief or the placing of the plaintiffs in the status quo than the allowance of an attorney's fee would be in any other fraud case. We, therefore, hold that the law does not support the award of an attorney's fee to the plaintiffs in this case.
The last point raised for us to consider is appellants' contention that the trial court erred in awarding money damages against the defendant before considering possible set-offs against said damages. The court specifically reserved jurisdiction to consider adjustments between the parties as to improvements, costs and mortgage payments made by the respective parties. Inasmuch as the court has determined that further hearings on damages are necessary, we hold that an award of a specific money judgment prior to said hearing was error and that, therefore, the determination that the amount found to be due the plaintiffs must be taken as a determination of the amount due for the items set forth in paragraph 7 of the judgment, and that the judgment is amended to provide that said sums are not payable until the final determination of the respective set-offs between the parties.
We have considered the other points presented and find that they do not demonstrate reversible error.
Accordingly, the judgment is affirmed as to the finding that the plaintiffs are entitled to the remedy of rescission, reversed as to the allowance of an attorney's fee, and amended to provide that the sum found to be due the plaintiffs shall be payable only after the ascertainment of the set-offs between the parties following the hearing contemplated by the trial court in its judgment.
Affirmed in part, reversed in part and remanded.