DANAHY, Judge.-
After purchasing a fishing lodge for $300,000, appellants brought this suit against the sellers and the real estate agent who handled the transaction (appellees) asking in count one of their complaint for damages based on fraud and misrepresentation, and in count two for reformation of the contract of sale and abatement of the purchase price because of a mutual mistake of fact concerning the size of the property purchased. The trial judge dismissed both counts with prejudice. We reverse.
In count one, appellants alleged that ap-pellees falsely represented certain facts concerning the property, most notably that the size of the property was 5*A acres when in fact its size was 1.44 acres. Appellants alleged that these misrepresentations were knowingly made in order to induce appellants to make the purchase and that appellants relied upon them. However, appellants did not allege that they made efforts to investigate the facts as represented, nor did they allege any circumstances excusing or explaining their failure to investigate.
Appellees argue that appellants’ count one allegations fail to state a cause of action because they reveal that appellants could have learned the truth by the exercise of ordinary care. Appellees point out, for example, the listing of the property described it as 16 specific lots plus Va acre of submerged land, gave book and page number, and advised “see plat.” Had appellants simply consulted the recorded plat and calculated the total square feet of the lots, appellees observe, they could readily have ascertained that the size of the property *706 was much less than the hxh acres it was represented to be.
We reject appellees’ argument on the authority of our recent decision in Upledger v. Vilanor, Incorporated, 369 So.2d 427 (Fla. 2d DCA 1978). In that case we held that when a specific false statement is knowingly made and reasonably relied upon, the representee is not precluded from recovery simply because he failed to make an independent investigation of the veracity of the statement. In this case, as in the Upledger case, it cannot be said as a matter of law that appellants must be denied recovery for failure to ascertain the correct size of the property and the truth of the other facts represented to them. None of the alleged misrepresentations can be described as “puffing,” patently incredible, or obviously false. Appellants were entitled to rely upon them.
Appellants’ count two contains sufficient allegations to state a cause of action for reformation of the contract of sale and abatement of the purchase price. Accordingly, we hold that the trial judge erred in dismissing that count as well as count one.
Reversed and remanded with instructions to reinstate counts one and two of the complaint and for further proceedings not inconsistent with this opinion.
GRIMES, C. J., and OTT, J., concur.