433 So.2d 1304 (1983)
FOXFIRE INN OF STUART, FLORIDA, INC., a Florida Corporation, and John A. Darlson, Appellants,
v.
James D. NEFF and Tony Sotolongo, Appellees.
No. 82-2508.
District Court of Appeal of Florida, Second District.
July 1, 1983.
*1305 Noel A. Bobko of Darlson & Bobko, Stuart, for appellants.
Stephen M. Martin of Martin & Martin, Lakeland, for appellee James D. Neff.
BOARDMAN, Acting Chief Judge.
Defendants Foxfire Inn of Stuart, Florida, Inc. (Foxfire Inn) and John A. Darlson appeal a final summary judgment awarding appellee/plaintiff James D. Neff $173,326.64, plus interest and costs, against them. We reverse.
Neff filed a complaint against appellants for payment of $100,000 plus interest on a promissory note. He subsequently filed an amended complaint adding a count for payment of a second promissory note.
Appellants filed an answer, affirmative defenses, and counterclaim. The counterclaim alleged that appellants had purchased all outstanding shares of appellant Foxfire Inn from Neff pursuant to an agreement executed September 25, 1980. The agreement contained seller's warranties that the financial statements furnished to the buyer were true and complete, that there had been no materially adverse changes in the company's financial condition since the ending date of the period covered by the financial statements, that no material facts would be misstated in or omitted from statements given to the buyer, and that the buyer would be accorded access to the company's books and records during normal business hours. Appellants alleged that Neff had failed "to disclose material evidence," in violation of Section 817.41, Florida Statutes; had made certain entries in the Foxfire Inn's books and records in violation of section 817.15; and had made false statements of fact concerning the Foxfire Inn's net worth, its actual profit margin during the time Neff owned it, and "[t]he satisfaction of the labor force with working conditions and pay schedules." Appellants alleged reasonable and detrimental reliance on Neff's misrepresentations and omissions. The counterclaim therefore sought damages and rescission of the agreement.
Neff filed a reply denying appellants' affirmative defenses and the allegations of wrongdoing on his part contained in the counterclaim. He subsequently filed a motion for summary judgment and his affidavit in support thereof, which affidavit dealt solely with the notes' execution and the amounts due and owing under each note. Appellants admitted that the notes were genuine, that no payments had been made on the $100,000 note, that no payments on the $63,000 note due on and after December 15, 1981, had been made, and that appellee had made demand for payment on them.
On the day of the hearing on his motion for summary judgment, Neff also filed a memorandum in support of his motion in which he argued in pertinent part as follows:
"A purchaser must use reasonable diligence for his own protection", Fote v. Reitano, 46 So.2d 891 (Fla. 1950). Where knowledge is actually available to both parties or where the subject matter is open for inspection, one cannot be said to have relied upon a misrepresentation concerning it, Folz v. Beard, 332 So.2d 129 (Fla. 2d DCA 1976); Davanzo v. Miami National Bank, 301 So.2d 797 (Fla. 3d DCA 1974); and Scocozo v. General Development Corp., 191 So.2d 572 (Fla. 4th DCA 1966).
The right of reliance on a false representation is closely bound up with the duty on the part of the person receiving the representation to use some measure of protection and precaution to safeguard *1306 his interest, Butts v. Dragstrem, 349 So.2d 1205 (Fla. 1st DCA 1977). Clearly, the right to make inspection existed under the agreement and there has been no suggestion that Defendants were prevented by Plaintiff from exercising that right. Therefore, if Defendants chose not to make their own inspection of the corporation, they are estopped from claiming they were defrauded.
At the hearing, Neff's counsel, Stephen M. Martin, reiterated the argument in his memorandum. Although not prepared with case citations, appellants' counsel, Steven L. Perry, argued (correctly) that the cases Neff relied on had been modified by a 1980 Florida Supreme Court decision. Mr. Martin disagreed. The trial court stated that it was inclined to rule for Neff but would give Mr. Perry an opportunity to come up with a case in appellants' favor. Mr. Perry said he would find the case and notify the court within a week.
Nearly three weeks later, no further documents having been filed, the trial court entered final summary judgment in favor of appellee. Without requesting rehearing, appellants timely appealed to this court.
Appellants now argue for the first time that Besett v. Basnett, 389 So.2d 995, 998 (Fla. 1980), involving, as here, the sale of a business, held
that a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows that representation to be false or its falsity is obvious to him. We recede from Potakar v. Hurtak [82 So.2d 502 (Fla. 1955)] insofar as it is inconsistent with our present holding, and we disapprove all other decisions inconsistent with our holding in this case.
This court and at least two other district courts in Florida have followed Besett v. Basnett. Kalb v. International Resorts, Inc., 396 So.2d 199 (Fla. 2d DCA), review denied, 407 So.2d 1104 (Fla. 1981); Outlaw v. McMichael, 397 So.2d 1009 (Fla. 1st DCA 1981); North Miami General Hospital v. Royal Palm Beach Colony, Inc., 397 So.2d 1033 (Fla. 3d DCA 1981).
Since Neff's affidavit does not contravene appellants' affirmative defenses or the allegations in the counterclaim, but simply supports the allegations of Neff's complaint, we hold, in accordance with Besett v. Basnett, that a genuine issue of material fact exists here and that summary judgment was therefore inappropriate. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Neff now argues for the first time that appellants' affirmative defenses are not sufficiently pled. Since, even if this were true, the counterclaim would still remain, we do not consider this argument. Neff may raise it before the trial court on remand if he so desires.
Accordingly, the final summary judgment against appellants is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
GRIMES and DANAHY, JJ., concur.