PER CURIAM.
It is undisputed upon this record that the appellee bank, pursuant to its obligation under a mortgage contract, was required to provide a thirty-day notice of default to the appellant, Rashid.[1] It is likewise undisputed that no thirty-day notice was given to anyone. In addition to the bank’s failure to comply with the thirty-day notice, the record shows that a number of other discovery issues have not been properly resolved. Summary judgment, therefore, is inappropriate. See Marlar v. Quincy State Bank, 463 So.2d 1233 (Fla. 1st DCA 1985); Foxfire Inn of Stuart, Florida, Inc. v. Neff, 433 So.2d 1304 (Fla. 2d DCA 1983); Salzberg v. Eisenberg, 368 So.2d 442 (Fla. 3d DCA 1979).
Reversed and remanded for further proceedings.

. The contract provided that the mortgage was binding upon "the respective successors and assigns of Lender' and Borrower." Rashid is a successor to the borrower. The bank’s argu-meat that Rashid was not entitled to notice because he was not a party to the contract is, therefore, unavailing.