882 So.2d 1086 (2004)
Donna ROBINSON, Appellant,
v.
Mitchel KALMANSON, Appellee.
No. 5D03-2662.
District Court of Appeal of Florida, Fifth District.
September 17, 2004.
*1087 Law Offices of Norman D. Levin, P.A., Longwood, and Cynthia L. Greene of Law Offices of Greene, Smith & Associates, P.A., Miami, for Appellant.
Marcia K. Lippincott, of Marcia K. Lippincott, P.A., Lake Mary, for Appellee.

ON MOTION FOR REHEARING
MONACO, J.
We grant Appellee's Motion for Rehearing, withdraw our previous opinion and issue this opinion in its place.
This is the fifth appeal involving or spawned by the dissolution of marriage between the appellant, Donna Robinson (Former Wife), and the appellee, Mitchell Kalmanson (Former Husband).[1] In this installment the Former Wife appeals an Order Granting Former Husband's Motion For Summary Judgment and Final Judgment for Former Husband on Former Wife's Rule 12.540 Motion. We reverse because there are factual issues that bar summary judgment.
In 2001, the lower court rendered a final judgment of dissolution of marriage and incorporated into its terms a marital settlement agreement executed by the parties. The Former Wife subsequently moved pursuant to Rule 12.540, Florida Family Law Rules of Procedure, to vacate the final judgment of dissolution of marriage, as well as the marital settlement agreement upon which it is based because of fraud, misrepresentation, or other misconduct of the adverse party. Rule 12.540 essentially provides that Rule 1.540 of the Florida Rules of Civil Procedure shall govern the general provisions concerning relief from judgments or orders in marital matters, except that there is no time limit for motions based on fraudulent financial affidavits. The Former Wife presents a litany of alleged false and fraudulent misrepresentations of the Former Husband concerning his assets, and asked the trial court to set aside the marital settlement agreement and final judgment because she "had no choice but to rely on the information provided by the Former Husband."
In response, the Former Husband asserted that he was entitled to summary judgment on this issue because the "undisputed facts" are that his Former Wife did not rely on the alleged misrepresentations or false financial information. He argues further that the Former Wife elected to forego additional discovery, and had independent advice and counsel, and should not complain about any fraud, misrepresentation, or misconduct now.
The trial court in granting the Former Husband's motion for summary judgment noted that the "Former Wife produced substantial evidence of suspected fraud, but she did not show any instance where she relied on the alleged false information." That sentence summarizes the crux of this appeal.
*1088 Generally, the issue of fraud is not a proper subject for summary judgment since fraud generally requires a full explanation and exploration of the facts and circumstances of the alleged wrong. See Amazon v. Davidson, 390 So.2d 383, 385 (Fla. 5th DCA 1980). A court can seldom determine the presence or absence of fraud without a trial or evidentiary proceeding. See Alepgo Corp. v. Pozin, 114 So.2d 645 (Fla. 3d DCA 1959), cert. denied, 117 So.2d 842 (Fla.1960).
The Former Wife asserts that the lower court's ruling to the effect that she did not rely on any fraudulent misrepresentations is contrary to her affidavit filed with the court indicating that she was forced to rely on "false financial affidavits." More importantly, whether or not the Former Wife relied on the Former Husband's alleged misrepresentations under the peculiar circumstances of this case became an issue of fact that could not have been determined by summary judgment. As the moving party has the burden to prove conclusively the non-existence of any genuine issue of material fact, and as the Former Husband failed to demonstrate the non-existence of his Former Wife's reliance, we must reverse. See Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966); see also Lawrence v. Pep Boys  Manny Moe & Jack, Inc., 842 So.2d 303, 304 (Fla. 5th DCA 2003).
The Former Husband argues that Macar v. Macar, 803 So.2d 707 (Fla.2001), is dispositive. The Florida Supreme Court there held that in cases in which a marital settlement agreement is reached after the initiation of litigation and the completion of discovery, a party challenging the final judgment should not be permitted to claim lack of knowledge, "because through due diligence, they could have unearthed all of the relevant facts." Id. at 713; see also Crupi v. Crupi, 784 So.2d 611 (Fla. 5th DCA 2001). The present case, however, does not quite fit the Macar template.
Here, the Former Wife asserts that she did not have the benefit of full litigation discovery because a judge formerly assigned to this case (not the judge who entered the order being appealed in this case), placed a $15,000 limit on the parties on further discovery expenses. If either party exceeded the $15,000 limit, the party would incur severe monetary sanctions specified in the order. While we fully understand the good motives of the trial court in setting a discovery limitation in this case based on economic considerations, the limitation had the unintended consequence of cutting off discovery before at least one party felt it was fully exhausted. Thus, the Former Wife argues persuasively that because of the limitation there is a factual issue concerning whether she was prevented from exploring specific omissions in the disclosures of the Former Husband, and therefore could not learn the full nature and extent of the financial position of her Former Husband.
There is ample evidence reflecting that the Former Wife read over and understood the settlement agreement prior to executing it. There is even some evidence that before she executed the settlement agreement she might have believed her Former Husband to be fudging on his financial statements. Her reliance on his purported misrepresentations and fraudulent conduct, however, is still open to debate.
It may be that after a full evidentiary hearing the trial court will determine that the Former Wife did indeed have a full opportunity for discovery, or that she did not rely on the Former Husband's financial representations. Based on the record before us, however, these factual issues preclude disposition of this case by summary judgment. Accordingly, we must reverse *1089 the summary final judgment and remand for further proceedings.
REVERSED and REMANDED.
SHARP, W., and THOMPSON, JJ., concur.
NOTES
[1] Kalmanson v. Lockett, 848 So.2d 374 (Fla. 5th DCA 2003); Kalmanson v. Kalmanson, 823 So.2d 304 (Fla. 5th DCA 2002); Kalmanson v. Kalmanson, 796 So.2d 1249 (Fla. 5th DCA 2001); Kalmanson v. Kalmanson, 785 So.2d 753 (Fla. 5th DCA 2001). In addition, another appeal has recently been filed dealing with the same dissolution. Robinson v. Kalmanson, Case No. 5D04-1644.