On Motion for Partial Reconsideration

WARNER, J.
We grant the motion for partial reconsideration, withdraw our previously issued opinion, and substitute the following in its place.
The appellants, Coastal Investment Properties, Ltd., PVP, Inc., and Purvin Pujara, challenge a final judgment against them based upon a summary judgment in favor of appellee, Weber Holdings, LLC, on its counterclaim for fraud, negligent misrepresentation, breach of warranty, and indemnification, in connection with the appellants’ sale of real property to the appellee. In particular, the court granted summary judgment on the fraud count, finding that the evidence was sufficient to *834 prove that the appellants committed fraud as a matter of law. The trial court’s order granting summary judgment also concluded that even absent fraudulent intent, the appellants made negligent misrepresentations. We reverse because there were material issues of fact remaining.
“In fraud cases, summary judgment is rarely proper as the issue so frequently turns on the axis of the circumstances surrounding the complete transaction, including circumstantial evidence of intent and knowledge.” Cohen v. Kravit Estate Buyers, Inc., 843 So.2d 989, 991 (Fla. 4th DCA 2003); see also Robinson v. Kalmanson, 882 So.2d 1086 (Fla. 5th DCA 2004). In this case, the gravamen of the appellee’s counterclaim was that the appellants made representations that they had no knowledge of fire code violations on the property, when, in fact, they knew of the violations. While one view of the facts and circumstances may indicate that the appellants were fraudulent in them representations regarding the property, another way of looking at those same facts would show that the appellants did not intentionally mislead the appellee at all. Indeed, in Mr. Pujara’s deposition testimony, he never admitted that he had knowledge of fire code violations on the property. Thus, the appellee did not conclusively prove its entitlement to summary judgment. This case is not that extraordinarily rare fraud case where summary judgment is appropriate. With respect to the appellee’s claims other than fraud, we' conclude that there are genuine issues of material fact as to whether the appellants should have known of the fire code violations and whether the appellee justifiably relied on any of the appellants’ statements. As we are reversing for a new trial, we also reverse the award of attorney’s fees.
The final judgment is reversed and remanded for a trial on the merits.
GROSS and HAZOURI, JJ., concur.