*200
 
 POLEN, J.
 

 Appellant, Joseph L. Worrell, appeals the trial court’s denial of his Florida Family Law Rule of Procedure 12.540 motion for relief from the child support award he was ordered to pay his ex-wife, as part of a dissolution of marriage decree entered by the court. Worrell presents three claims on appeal: (1) the child support hearing officer lacked the authority to adjudicate the matter; (2) the trial court erred by refusing to enforce Florida Family Law Rule of Procedure 12.285; (3) the trial court erred by denying appellant’s motion for relief pursuant to Florida Family Law Rule of Procedure 12.540. We affirm without comment as to the second and third issues; however, we affirm with brief discussion as to the first.
 

 The Final Judgment of Dissolution of Marriage with Minor Child named Wor-rell’s ex-wife primary residential custodian of their minor child. It also ordered that Mr. Worrell pay $500.00 per month in child support and an additional $100.00 per month toward agreed upon arrears. He appealed the judgment to this court which subsequently affirmed.
 

 Mr. Worrell filed a motion pursuant to Florida Family Law Rule of Procedure 12.540, alleging 1) that the child support award was predicated on his ex-wife’s fraudulently filed financial affidavit, which was used and relied on to calculate the amount of child support, and 2) the hearing officer presiding over the child support hearing lacked the authority to do so.
 

 A hearing on the motion was held by a general magistrate and the motion was subsequently denied by the trial court. In regard to Mr. Worrell’s allegations of fraudulent filing, the court found that no evidence was presented to establish such an assertion. The court also found that the hearing officer had the authority to preside over the child support matter under Florida Family Law Rule of Procedure 12.491(b).
 

 On appeal, Worrell argues that his right to “full and fair jury or judicial hearing of grievances” was infringed because the child support hearing officer who presided over his rule 12.540 motion hearing was a “non-judicial official.” Although he acknowledges that rule 12.491 provides that hearing officers may hear certain limited family law matters without the consent of both parties, he claims that the “many serious issues” raised in his 12.540 petition regarding fraud and deceit are “well outside the restricted scope” of rule 12.491.
 

 Rule 12.491(b) confers subject matter jurisdiction to child support hearing officers for proceedings concerning “the establishment, enforcement, or modification of child support.” Fla. Fam. L.R.P. 12.491(b)(1). This narrow grant is limited further by the caveat that a support enforcement hearing officer does not have the authority to hear contested paternity cases. Fla. Fam. L.R.P. 12.491(e).
 

 Mr. Worrell’s rule 12.540 motion prayed for relief from a child support judgment which was predicated on his ex-wife’s allegedly fraudulent financial affidavit. This request for a modification to the child support award appears on its face to fall within the grant of jurisdiction outlined in rule 12.491(b)(1). Such a plain reading of the rule is illustrative. However, the question before the court is whether, given the unique nature of allegations of fraud, the appellant’s 12.540 motion actually fell outside the contemplation of this rule.
 

 Claims of fraud generally require a full explanation and exploration of the facts and circumstances of the alleged wrong.
 
 Robinson v. Kalmanson,
 
 882 So.2d 1086, 1088 (Fla. 5th DCA 2004). A court can seldom determine the presence or absence of fraud without a trial or
 
 *201
 
 evidentiary proceeding.
 
 Id.
 
 (citing
 
 Alepgo Corp. v. Pozin,
 
 114 So.2d 645 (Fla. 3d DCA 1959),
 
 cert. denied,
 
 117 So.2d 842 (Fla.1960)). Allegations of fraud involve the intent or state of mind of the alleged perpetrator and thus require that the fact-finder evaluate the credibility of witnesses and other evidentiary matters.
 
 See Webb v. Kirkland,
 
 899 So.2d 344, 346-47 (Fla. 2d DCA 2005). However, child support hearing officers are fully able to conduct such examination, as rule 12.491 empowers them with the ability to “issue process, administer oaths, require the production of documents, and conduct hearings for the purpose of taking evidence.” Fla. Fam. L.R.P. 12.491(e).
 

 We find no case law that would serve to abrogate the jurisdiction plainly granted in the rule. In
 
 Oliveri v. Oliveri,
 
 541 So.2d 174, 175 (Fla. 4th DCA 1989), this court held that it was beyond the authority of a hearing officer to make determinations with regard to attorney’s fees and temporary alimony. We find this interpretation of rule 12.491
 
 [1]
 
 distinguishable, as the issue of fees and alimony cannot be construed as falling into one of either “the establishment, enforcement, or modification of child support,” Fla. Fam. L.R.P. 12.491(b)(1). Whereas fees were clearly collateral to the issues which fell within the scope of jurisdiction in
 
 Oliveri,
 
 in the instant case, an allegation of fraud was the basis of the request for a modification of child support, a request for which the rule provides jurisdiction to hearing officers.
 

 Further, while addressing the merits of lower court findings, the district courts have previously had the opportunity to admonish the practice of allowing hearing officers to deal with issues involving fraud, but have failed to do so.
 
 See State, Dep’t of Revenue ex rel. Chambers v. Travis,
 
 971 So.2d 157 (Fla. 1st DCA 2007) (holding that appellant failed to show good cause for a court order for paternity testing by failing to make an allegation of fraud, duress, material mistake of fact, or newly discovered evidence in the child support proceedings pending before the support enforcement hearing officer);
 
 State, Dep’t of Health and Rehab. Servs. v. Day,
 
 615 So.2d 176, 177 (Fla. 2d DCA 1993) (criticizing a child support hearing officer’s conclusion that there “may” have been a fraud upon the court).
 

 Given the plain reading of Florida Family Law Rule of Procedure 12.491, and the lack of case law abrogating the grant of jurisdiction, we find that the child support hearing officer in this case did not lack the authority to preside over the hearing on the appellant’s motion to modify child support.
 

 Affirmed.
 

 WARNER and TAYLOR, JJ., concur.
 

 [1]
 

 . In
 
 Oliveri,
 
 this court interpreted the grant of jurisdiction under Florida Rule of Civil Procedure 1.491, the predecessor to Florida Family Law Rule of Procedure 12.491.