PER CURIAM.
 

 After appellant Darren Bock was sued by his former employer, Márchese Services, for damages arising out of Bock’s employment, Bock filed a Chapter 7 Petition for Bankruptcy in the Southern District of Florida. Eventually, Bock and Márchese Services resolved their dispute through a settlement agreement. The Bankruptcy Court entered an Agreed Order incorporating their settlement agreement, which provided, among other things, that Márchese Services would have a non-dischargeable judgment for $100,000. Under the terms of the agreement, Bock would make payments totaling $50,000 to Márchese Services over five years. If Bock defaulted, Márchese Services could obtain a state court judgment for the balance due or execute upon the judgment contained in the order. Bock initially made payments pursuant to the agreement, but he eventually defaulted. Márch-ese Services then filed a motion in Bro-ward Circuit court for entry of a final judgment by default. Bock filed a response to the motion and a motion to vacate the settlement agreement, alleging fraud by Márchese Services and its counsel. Without holding an evidentiary hearing, the trial court entered an order granting Márchese Services’ motion for entry of final judgment by default. Bock appealed.
 
 [1]
 

 Because Bock sufficiently set forth allegations of fraud in his motion and response to Márchese Services’ motion for final judgment, the trial court erred in not holding an evidentiary hearing before entering final judgment.
 
 See Robinson v. Kalmanson,
 
 882 So.2d 1086, 1088 (Fla. 5th DCA 2004) (discussing the issue of fraud with regard to a summary judgment and stating that “[gjenerally, the issue of fraud is not a proper subject for summary judgment since fraud generally requires a full explanation and exploration of the facts and circumstances of the alleged wrong. A court can seldom determine the presence or absence of fraud without a trial or evidentiary proceeding.” (internal citations omitted));
 
 Robinson v. Weiland,
 
 936 So.2d 777, 778-81 (Fla. 5th DCA 2006) (holding that where appellant made allegations of fraud, the trial court erred by summarily denying appellant’s motion to re-open a trial to determine entitlement to proceeds of annuities purchased by the decedent);
 
 Seal v. Brown,
 
 801 So.2d 993, 994-95 (Fla. 1st DCA 2001) (holding that where there were allegations of fraudulent conduct, the trial court erred “by not conducting an evidentiary hearing before entering the Order Denying Motion to Vacate and Set Aside Order Allowing Sale of Real Property”);
 
 Minakan v. Husted,
 
 27 So.3d 695, 698-99 (Fla. 4th DCA 2010) (holding in a
 
 *327
 
 dissolution of marriage case that the trial court violated the wife’s due process rights by taking testimony from the husband but not allowing her to testify and present evidence on the wife’s claim that her husband was trying to perpetrate a fraud or crime on the court in proceedings to disqualify the wife’s attorney).
 

 Although the above cases primarily concern rule 1.540(b) motions, they are instructive for the principle that an eviden-tiary hearing should usually be held to determine if allegations of fraud have merit, and it is error to summarily deny such a hearing. Here, because Bock alleged fraud in his response to Márchese Services’ motion, as well as in his motion to vacate the settlement agreement, the trial court should have held an evidentiary hearing on the issue of fraud. Accordingly, we reverse the final judgment by default and remand with directions to the trial court to hold a hearing on Bock’s fraud allegations.
 

 Reversed and Remanded.
 

 STEVENSON, TAYLOR and MAY, JJ„ concur.
 

 [1]
 

 . Shortly after the trial court entered the final judgment by default in favor of Márchese Services, Bock filed a Motion for Relief from Final Judgment, pursuant to Florida Rule of Civil Procedure 1.540(b), based on fraud. However, no record evidence exists that the trial court ever ruled on this motion. In his initial brief, filed pro se, Bock appears to be challenging the fact that he was not granted an evidentiary hearing on his motion for relief from final judgment. However, that ruling cannot be at issue in this appeal, and we do not entertain it.