368 So.2d 912 (1979)
William STETZ and Marie Stetz, His Wife, Appellants,
v.
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Appellee.
No. 78-450.
District Court of Appeal of Florida, Third District.
March 6, 1979.
Rehearing Denied April 9, 1979.
Erstling & Erstling and Julius H. Erstling, South Miami, for appellants.
Joel R. Teague, Coral Gables, for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
Appellants Stetz, plaintiffs in the trial court, seek review of the order granting the *913 defendant/insurance company's motion for partial summary judgment on the issue of punitive damages. The gravamen of the complaint is the alleged breach of contract by the insurer on a disability policy; appellants assert that in addition to compensatory damages, they are entitled to punitive damages based upon allegations of intentional infliction of mental distress by the agents of the insurer in their attempts to settle the claim with Mr. Stetz and their methods of investigation regarding his malady.
After study of the briefs, careful review of the entire record and having heard oral argument of counsel for the respective parties, we affirm the trial court order. The appellants have failed to establish that the insurer was guilty of a willful and independent tort, separate from breach of contract, so as to permit an award of punitive damages. See, McDonald v. Penn Mutual Life Insurance Company, 276 So.2d 232 (Fla. 2d DCA 1973) and Aetna Life Insurance Company v. Walter I. Smith, 345 So.2d 784 (Fla. 4th DCA 1977). The rule in Florida has been that, absent a physical injury, a plaintiff can recover damages for mental anguish only where it has been shown that the defendant acted with such malice that punitive damages would be justified. Crane v. Loftin, 70 So.2d 574 (Fla. 1954) and Saltmarsh v. Detroit Automobile Inter-Insurance Exchange, 344 So.2d 862 (Fla. 3d DCA 1977). Also see, Butchikas v. Travelers Indemnity Company, 343 So.2d 816 (Fla. 1976) which holds that in order to be entitled to punitive damages against an insurer, the case must be of the class involving deliberate, overt and dishonest dealing on the part of the insurer. The instant case clearly does not fall within this category.
The trial court correctly granted the insurance company's motion on the issue of punitive damages.
Affirmed.