YOUNG & SIMON, INC.

v.

Saul H. BERNSTEIN et al.

YOUNG & SIMON, INC.

v.

VPH TECHNOLOGY, LTD., INC.

YOUNG & SIMON, INC.

v.

VENTILATING SYSTEMS MANAGE-MENT, INC., et al.

YOUNG & SIMON, INC.

v.

MBC PIPE LAYING CONTRACTORS, INC.

YOUNG & SIMON, INC.

v.

ELECTRICAL INDUSTRIES, LTD., et al.

Civ. No. K-79-821 to K-79-825.

United States District Court, D. Maryland.

Dec. 21, 1979.

N. Alfred Pasternak, Bethesda, Md., for plaintiff.

Gerard P. Martin, Glenn E. Bushel and Melnicove, Kaufman & Weiner, P. A., Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

These five cases present the single question [1] of whether a case instituted in a Maryland nisi prius state court may be removed to a federal district court by defendants who are Maryland residents. Plaintiff in each case is Young & Simon, Inc., a District of Columbia Corporation with its principal place of business in the District of

---

1. There is a single plaintiff in these five cases represented by the same counsel in all of them. The defendants in these five separate cases are represented by the same counsel.

Columbia. The individual defendants are all residents of Maryland. The corporate defendants, with the sole exception of Ventilating Systems Management, Inc., one of the defendants in K–79–823, which is a Virginia corporation with its principal place of business in Virginia[2], are Maryland corporations with their respective principal places of business in Maryland. The jurisdictional amount requirement is admittedly met in each case.

Attached hereto are this Court's Memorandum and Order dated November 26, 1979, defense counsel's memorandum dated November 21, 1979 and defense counsel's letter dated November 29, 1979. [Appendices A–C.] Nothing cited or quoted by counsel for defendants suggests that the Congress, in enacting the Judiciary Act of 1948, intended to alter the then well established law and to permit the removal of cases by resident defendants.[3] The 1948 Act seemingly was "intended to resolve ambiguities and conflicts of decisions."[4] There is no indication of any such ambiguity or conflict in connection with pre-1948 decisional interpretations of 28 U.S.C. § 1441(b) concerning removal of cases by resident defendants. To the contrary, decisions of the courts relating to removability of cases by resident defendants were consistent prior to 1948 and have continued so to be after 1948. In *Martin v. Snyder*, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602 (1893), Mr. Chief Justice Fuller wrote in the following brief opinion:

This was a bill of complaint filed by Samuel F. Engs, George Engs, and Henry Snyder, Jr. of the city, county, and state of New York, against Morris T. Martin and Carrie E. Martin, in the circuit court

of Lake county in the state of Illinois, on the 27th of October, 1887.

November 7, 1887, the defendants preferred a petition for the removal of the cause to the United States circuit court within and for the northern district of Illinois on the ground of diverse citizenship, and the case was transferred accordingly.

The petition stated "that the controversy in said suit is between citizens of different states, and that the petitioners were at the time of the commencement of this suit, and still are, citizens of the state of Illinois, and that all the plaintiffs were then, and still are citizens of the state of New York."

Under the Act of Congress of March 3, 1887 (24 Stat. at L. 552, chap. 373,) it is the defendant or defendants who are nonresidents of the state in which the action is pending who may remove the same into the circuit court of the United States for the proper district. The defendants here were not entitled to such removal, and the decree, which was in favor of the complainants, and from which the defendants prosecuted this appeal, must be reversed for want of jurisdiction, with costs against the appellants, and the case remanded to the circuit court, with directions to render a judgment against them for costs in that court, and to remand the case to the state court. *Torrence v. Shedd*, 144 U.S. 527, 533, 12 S.Ct. 726, 36 L.Ed. 528, 532.

*Judgment reversed and cause remanded accordingly.*

In *O. F. Shearer & Sons, Inc. v. Decker*, 349 F.Supp. 1214, 1217 (S.D.W.Va.1972), the Court wrote:

**2.** The other defendant in Civil No. K–79–823 is a Maryland corporation with its principal place of business in. Maryland. Accordingly, it is a Maryland citizen, 28 U.S.C. § 1332(c). 28 U.S.C. § 1441(b) allows removal of diversity cases only where *no* defendant is a resident of the state where the action was brought. *See* discussion *infra*.

**3.** *See* United States Code Congressional Service, 80th Cong., 2d Sess. (1948), at pp. 1697, 1854–55, 1979.

**4.** In a statement presented to House Subcommittee No. 1 of the House Judiciary Committee, Professor Moore referred to the need for legislation to bring about changes in 28 U.S.C. § 1441(c) in order to remove "confusion." United States Code Congressional Service, 80th Cong., 2d Sess. (1948), Statement of Professor Moore, 1965, 1969.

Removal by a defendant of an action from a state court to a federal district court is provided for (with some exceptions not in issue in this case) in 28 U.S. C.A. Section 1441. Subsection (a) of that statute provides that an action brought in state court, of which federal district courts have original jurisdiction, may be removed by the defendant or the defendants to the federal district court. Subsection (b) of the statute provides that civil actions founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the residence or citizenship of the parties. The subsection further provides, however, that actions other than those arising under federal law, including actions based upon diversity of citizenship with the requisite amount in controversy, are removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought.[5]

▇▇▇ The word "such" in the second sentence of section 1441(b), as enacted in 1948, refers back to the words "[a]ny civil action of which the district courts have original jurisdiction" in the first sentence of section 1441(b). Thus, those cases over which the district courts have original jurisdiction, but in which one or more of the defendants is a resident of the state in the court of which the action was originally brought, may not be removed under section 1441(b) by the defendant or defendants to federal court. Nor is the subject-matter jurisdiction problem referred to by counsel for defendants in his November 29, 1979 letter present, since there is complete diversity between plaintiff and defendants, and the jurisdictional amount is present. This Court would have had original subject-matter jurisdiction in all of the within cases if they had been initiated here, regardless of the residency or nonresidency of the defendant or defendants. By way of contrast, removability under section 1441(b), unlike subject-matter jurisdiction, is made by that section to turn upon the residency or nonresidency of the defendant or defendants, and where any defendant[6] is a resident of the state in which an action has been brought, that action may not be removed by that defendant or by any of the defendants to a federal court under section 1441(b).[7]

Accordingly, the within cases are hereby remanded to the Circuit Court for Montgomery County, Maryland, for the reasons set forth in this Court's November 26, 1979 Memorandum and Order and herein.

### APPENDIX A

### MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

Reference is hereby made to the memorandum filed by [counsel for defendants] dated November 21, 1979. This Court is not able to understand how the language of 28 U.S.C. § 1441(b) can be read as suggested in the November 21, 1979 memorandum. The words "[a]ny other such action" in the second sentence clearly refer to any action *other than* "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." That is certainly the construction not only required by the language itself but clearly stated in [Wright, Miller & Cooper], Federal Practice & Procedure [, Jurisdiction:] § 3723 at 590–91 (1976). Therein, it is stated that

removal based on diversity is available only if *none* of the parties in interest properly joined and served as a defendant is a citizen of the state in which the

---

**5.** No contention has been advanced suggesting that 28 U.S.C. § 1441(c) or (d) is in any way applicable in any of these five cases.

**6.** No contention has been advanced in Civil No. K–79–823 that that case is removable by the Virginia defendant on the grounds that the Maryland defendant is merely a "formal or

nominal" party. *See* Moore's Federal Practice ¶ 0.161[1] at 199–200.

**7.** Nor is there any reason to believe that the removal sought herein can be accomplished by any of the defendants under 28 U.S.C. § 1441(c) or otherwise.

action is brought, a limitation not applicable to the removal of federal question cases or the federal courts' original jurisdiction over diversity cases. For example, suppose a Texas plaintiff sues a California defendant in a California state court. Defendant cannot remove, even though the Texas plaintiff might have brought the suit in a California federal court originally on the basis of diversity citizenship. Similarly, if a federal question were involved, removal would be available despite the local citizenship of the defendant. [Emphasis in original; footnotes omitted].

Defendants are hereby afforded the opportunity to file a further document in these cases if they so desire, on or before November 29, 1979. If they do not do so, the within cases will be remanded on November 30, 1979, for the reasons set forth hereinabove. If defendants do file a further memorandum, they are asked to research the issue and to file case and/or treatise support for what would appear to be an incorrect construction of the statute, set forth in their November 21, 1979 memorandum. If defendants cannot cite to any such authority, they are required, at the very least, on or before November 29, 1979, to inform this Court that no such authority exists and also to set forth a rational explanation of their construction of the statute.

[November 26, 1979]

### APPENDIX B

OPPOSITION TO MOTION TO REMAND

The Plaintiff has moved this Court to remand this case to the Circuit Court for Montgomery County from where it was removed. The Defendants oppose the motion, and ask this Court to retain jurisdiction over the case.

The general law of removal provides that civil actions brought in State courts, of which federal district courts have original jurisdiction, may be removed by the defendant(s) to the federal court in that district. 28 U.S.C. § 1441(a). There is no question but that this Court had original jurisdiction over this diversity case where over $10,000 is in controversy. 28 U.S.C. § 1332(a). This brings us to 28 U.S.C. § 1441(b), upon which the Plaintiff rests its Motion to Remand.

In its entirety, 28 U.S.C. § 1441(b) provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest property joined and served as defendants is a citizen of the State in which such action is brought.

Taking each of the statute's two sentences one at a time, it can fairly be said that the first sentence establishes that any civil action of which the district courts have original jurisdiction predicated upon a federal question is properly removable regardless of the citizenship of the parties.

The second sentence of 28 U.S.C. § 1441(b) begins "Any other *such action* . . . ." (Emphasis supplied.) "Such action," then, must be taken to mean a civil action of which the district courts have original jurisdiction predicated upon a federal question. The instant case is not such an action; rather, it is a case of which this Court has original jurisdiction predicated upon diversity of citizenship and amount in controversy under 28 U.S.C. § 1332(a). Not being a federal question case, the qualifying language contained in the remainder of the second sentence of 28 U.S.C. § 1441(b) has no application. Accordingly, 28 U.S.C. § 1441(b) is inapplicable, and this case was properly removed to this Court under 28 U.S.C. § 1441(a).

WHEREFORE, the Motion to Remand must be denied.

[November 21, 1979]

### APPENDIX C

November 29, 1979

*DELIVERED BY HAND*

Honorable Frank A. Kaufman
United States District Judge
101 West Lombard Street
Baltimore, Maryland 21201

RE: *Civil Nos. K–79–821, 822, 823, 824 and 825*

Dear Judge Kaufman:

Thank you for your November 26, 1979 Memorandum and Order pertaining to the captioned five cases instituted by Young & Simon, Inc. I welcome this opportunity to respond to the Court's concerns on behalf of the Defendants.

We are concerned here with the construction to be given 28 U.S.C. § 1441(b). More specifically, it appears that the source of misunderstanding between the Court and counsel is the use of the word "such," as it is employed in the beginning of the statute's second sentence.

The Court reads the statute as if the word "such" did not appear in the second sentence, interpreting the latter to mean simply "Any other action," comprising any action other than a civil federal question matter. If this is correct the Defendants would have to agree that these diversity cases would fall within the removal exclusion of § 1441(b).

However, the word "such" *does* appear in the law. The statute's second sentence does not begin "Any other action," but commences "Any other *such* action." The word "such" in this context obviously modifies the word "action" appearing immediately thereafter, and refers back to the first sentence of § 1441(a) which—and I believe the Court concurs with me on this—describes civil federal question cases only, and does not mention diversity actions at all. Thus, the second sentence *only* relates to "Any other *such* action," which, in context, must mean "any other civil federal question action." Because the instant cases are diversity cases, rather than federal question cases, it is submitted that they are not encompassed at all within the language of the second sentence of § 1441(b).

Again, the Defendants acknowledge their agreement with the Court *if* the word "such" were missing. In accordance with accepted principles of statutory construction, some meaning should be ascribed to the word, and the Defendants have suggest-ed just that in their argument. The word "such" should not be overlooked, as it was placed in the law by Congress.

The foregoing is an explanation of the Defendants' position as stated in their oppositions to the motions to remand filed by the Plaintiff. I have reviewed 14 Wright, Miller & Cooper, Federal Practice & Procedure § 3723 (1976) as cited by the Court, and have additionally reviewed Professor Moore's treatise on the subject. 1A J. W. Moore, Federal Practice ¶ 0.161[1], at 205–06 (2d ed. 1979). Having reviewed same, in all candor I must say that these authorities support the *result* suggested by the Court. Unfortunately, to my mind, neither work sheds any light whatsoever on the Defendants' argument or discusses the wording of the statute, but simply recite their proposition in conclusory fashion.

Further research may have uncovered the derivation of what the Defendants feel is a substantial discrepancy between the actual wording of 28 U.S.C. § 1441 and the practice thereunder as expressed by Professors Moore, Wright *et al.*

In *Martin v. Snyder*, 148 U.S. 663 [13 S.Ct. 706, 37 L.Ed. 602] (1893), the Supreme Court ruled in a concise opinion that, under the law then in force, a defendant resident of the forum State was not entitled to remove a diversity case to federal court. The applicable law was there cited as a congressional act of March 3, 1887 (24 St. p. 552, c. 373), which, evidently, was commonly called The Judiciary Act of 1887. *See* page 7 of the U.S.C.A. volume (1973) containing § 1441 where, as part of the Historical and Revision Notes, the text of the Act may be found. When Section 2 of this Act is read it may be seen that the decision in *Martin v. Snyder* is clearly spelled out.

The first sentence of Section 2 of The Judiciary Act of 1887 provided, in effect, that defendants could remove any civil federal question case to federal court. In this respect it coincides with the first sentence of 28 U.S.C. § 1441(b) in its present form. The second sentence of Section 2 provided in its entirety (emphasis supplied):

*Any other suit* of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the *preceding section*, and which are now pending, or which may hereafter be brought, in any State court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, *being nonresidents of that State*.

The Defendants believe that each of the three underlined phrases used in the statute is significant for our purposes.

First it should be observed that the second sentence of Section 2 begins "Any other suit . . . ." Thus, in 1887 the law referred to *any* other civil case of which the federal courts had jurisdiction under the "preceding section." The "preceding section," Section 1 of the 1887 Act, set out all of the bases for federal jurisdiction at that time, both civil and criminal. With this in mind, up through the phrase "preceding section" in Section 2, the sentence refers to "any other [civil] suit" (*i. e.*, other than a civil federal question case) of which a federal court had jurisdiction.

The sentence continues to allow for the removal of these cases (*i. e.*, those civil cases of which a federal court would have had jurisdiction, other than federal question matters), with the caveat that the defendants be "nonresidents" of the State in which the suit was commenced. This clearly provides that removal was not available to a defendant where he had been sued in a State court in his State of residence, even if the plaintiff could have instituted suit based on diversity of citizenship in federal court in the same State. Hence, the clarity of the statute readily explains both the curtness and the correctness of the Supreme Court's decision in *Martin v. Snyder*. *See also* Mr. Justice Holmes' crisp opinion on this lucid statute, *Patch v. Wabash R. Co.*, 207 U.S. 277, 283 [28 S.Ct. 80, 52 L.Ed. 204] (1907).

Section 1441 was enacted in its present form in 1948, consolidating what had previously been scattered code provisions. *See* Historical and Revision Notes which appear immediately after the text of 28 U.S.C. § 1441 in the United States Code Annotated (1973), suggesting that the 1948 revision was "intended to resolve ambiguities and conflicts of decisions." Compare the second sentence in Section 2 of the 1887 Act beginning "Any other suit," thus placing no qualification on the word "suit" to that point, with the second sentence of today's law beginning "Any other *such* action." (Emphasis supplied.) In the latter form the new word "such" appears, and it qualifies the word "action."

The Defendants believe that the authorities supporting the interpretation of § 1441(b) suggested by the Court in its November 26, 1979 Memorandum find their origin in the cases interpreting the 1887 version of the removal statute, and that when the wording of the statute was altered the old decisions were adhered to without regard to the new and different wording in the statute itself. In support of the Defendants' position that these cases should not be remanded, I cite the very language of the statute as enacted by Congress in 1948.

Evidently, confusion has long prevailed in the removal area generally. In an interesting opinion Judge Friendly refers to a "rather shaky" "historical argument" which had been followed by both Judges Hand. Further commenting on the history of the removal statutes (though not the precise subject) involved here, Judge Friendly remarked that "a rather sharp scalpel was needed to dissect out one part of the sentence as jurisdictional and leave the other as not." *Woodward v. D. H. Overmyer Co.*, 428 F.2d 880, 882 n.3 (2d Cir. 1970), *cert. denied*, 400 U.S. 993 [91 S.Ct. 460, 27 L.Ed.2d 441] (1971). Admittedly, *Woodward* did not address the precise issue here, but is one of many cases holding that if a diversity case is removed to federal court by a resident defendant, and the plaintiff makes no objection thereto in the district court, the plaintiff is deemed to have waived any objection he might have made on those grounds. Thus, while attacks on subject matter jurisdiction may usually be

raised at any time, and subject matter jurisdiction cannot be conferred by the actions or omissions of the parties, federal court have held, in effect, that removal jurisdiction under § 1441(b) is more closely akin to jurisdiction over the person which may be waived. This is significant because § 1441(b), then, does *not* go to the heart of a federal court's original subject matter jurisdiction, but is merely an aspect of personal jurisdiction. *See generally People v. Home Federal Savings & Loan Ass'n*, 521 F.2d 704, 706–07 (7th Cir. 1975); *Donahue v. Warner Bros. Pictures, Inc.*, 194 F.2d 6, 10 (10th Cir. 1952); *Bailey v. Texas Co.*, 47 F.2d 153, 155 (2d Cir. 1931) (L. Hand, J.); *Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435–37 (6th Cir. 1924); 1A J. W. Moore, Federal Practice ¶ 0.157[11] (2d ed. 1979).

In the brief amount of time available, I have been unable to dig more deeply into the matter to try and determine whether the confusion with the statute suggested by Judge Friendly in a different context has ever been discussed in the context presented by the cases at bar. Aside from the historical notes in U.S.C.A. and Judge Friendly's brief discussion, I was unable to find the matter addressed. However, I have endeavored to trace what appears a possible explanation of the law's evolution, and have restated the Defendants' position. Whatever the Court's ultimate decision, I think it clear that the 1887 statute was better written than its 1948 counterpart.

Should the Court desire further research in the area, counsel will be pleased to comply.