**DEAN WITTER REYNOLDS, INC., Plaintiff,**

v.

**Eric SCHWARTZ, Defendant.**

**No. 82–6511–CIV–JCP.**

United States District Court, S.D. Florida.

Nov. 19, 1982.

Edward J. Marko, Marko, Stephany & Lyons, Fort Lauderdale, Fla., for plaintiff.

William Nortman, Meyer, Nortman & Pearlman, Fort Lauderdale, Fla., for defendant.

## AMENDED ORDER

PAINE, District Judge.

This cause is before the Court on defendant's verified petition for removal (filed August 2, 1982), as amended (verified amendment filed August 16, 1982), and plaintiff's memorandum in opposition to removal (filed August 9, 1982).

The issue presented is whether this case, instituted in a Florida state court, is properly removable to this court.

Removal by a defendant of an action from a state court to a federal court is governed by 28 U.S.C. § 1441 (1976), subsections (a) and (b).[1] Subsection (a) provides that an action brought in state court, of which federal district courts have original jurisdiction, may be removed by the defendant to federal district court. Subsection (b) provides that civil actions founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard for the residence or citizenship of the parties. The subsection further provides, however, that actions other than those arising under federal law, including actions based upon diversity of citizenship, are removable only if the defendant is not a citizen of the state in which the action was brought. *See, O. F. Shearer & Sons, Inc. v. Decker,* 349 F.Supp. 1214, 1217 (S.D.W.Va.1972). For removal then, there must be either (1) a ground for original federal jurisdiction (other than diversity of citizenship), or (2) diversity of citizenship where the defendant is not a citizen of the state in which the action was brought. *See, Young & Simon, Inc. v. Bernstein,* 486 F.Supp. 1012, 1013–1014 (D.Md.1979).[2]

Defendant's amended verified petition for removal seeks to invoke original federal jurisdiction under the Securities Act of 1934. The law is clear that the federal question which is the predicate for removal "must be disclosed upon the face of the complaint, unaided by the answer or petition for removal." *Gully v. First National Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). *See also, Schultz v. Coral Gables Federal Savings & Loan Association,* 505 F.Supp. 1003, 1008 (S.D.Fla.1981). Although generally plaintiff's state court pleadings control removability, *Paxton v. Weaver,* 553 F.2d 936 (5th Cir.1977), upon removal the district court should inspect the complaint to determine whether a federal claim is *"necessarily presented by plaintiff,* even if plaintiff has couched his pleadings exclusively in terms of state law." *Schultz, supra,* 505 F.Supp. at 1008. (emphasis in the original, citation omitted).

Here, plaintiff's complaint alleges a simple breach of contract; specifically, a

---

1. No contention has been advanced that 28 U.S.C. § 1441(c) or (d) is in any way applicable in this case.

2. *Young & Simon, supra,* goes even further to require nonresidency of the defendant in *all* cases. 486 F.Supp. at 1014.

brokerage house is suing its customer for monies lent on margin and allegedly not paid. Plaintiff's complaint does not assert any claim or right arising under federal law and does not seek relief pursuant to any federal statute. Thus, there is no federal question jurisdiction.

Defendant's original verified petition for removal sought diversity jurisdiction as a ground for removal. As discussed in *O. F. Shearer & Sons* and *Young & Simon, supra,* the right to remove under the second sentence of 28 U.S.C. § 1441(b) is limited to non-citizen defendants. As defendant Eric Schwartz admits to being a citizen of the state of Florida (See Defendant's Answer and Counterclaim, "Fourth Defense"), this ground for removal is not available to the defendant.

For the foregoing reasons, it is

ORDERED and ADJUDGED that

1) defendant's petition for removal is denied;

2) this case is hereby remanded to the Circuit Court of the Seventeenth Judicial Circuit of Florida, in and for Broward County.