**David R. BRENNER, et al., Plaintiffs,**

v.

**PROFESSIONAL SERVICE INDUSTRIES, INC., et al., Defendants.**

No. 89–166–CIV–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

May 4, 1989.

Katherine Harasz and John W. Wilcox, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Tampa, Fla., for plaintiffs.

William S. Josey, Alpert, Josey & Grilli, P.A., Tampa, Fla., for Professional Service Industries, Inc.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant Professional Service Industries, Inc.'s motion to dismiss Counts II and III of the amended complaint, filed April 14, 1989, and response thereto, filed April 28, 1989.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

Count II of the amended claim asserts a claim for libel. In support thereof, Plaintiffs allege the following:

1. At all times material to this action, the Brenners were the owners of a poultry farm in Seffner, Florida. For 18 years until January 1987, the Brenners had operated their farm with success and efficiency. During this time they had developed and enjoyed a well earned reputation for producing high grade poultry products.

2. In late December 1986 or early January 1987, the State of Florida and the United States Environmental Protection Agency sampled the well water of the Brenner's chicken farm to test it for possible contamination from a nearby landfill.

3. Pursuant to the contract for the sampling and laboratory analysis of such water samples, Defendant analyzed the water from the Brenner's well and reported to the State and the United States EPA that the well water contained unsafe levels of benzene and toluene.

4. Acting on that analysis, the State advised Plaintiffs that because their well water was contaminated, they should not use their well or market the eggs or chicken on the farm.

5. Defendant, in or about January 1987, informed the EPA that Plaintiffs' well was poisonous. This was done in a written publication which stated the well was contaminated with excessive concentrations of benzene and toluene.

6. The publication was false, and, in fact, the water was potable and was never contaminated with excessive amounts of beneze and toluene.

7. The false publication cast ignominy, ridicule and contempt on Plaintiffs by accusing them of permitting a loathsome and unwholesome condition to exist on their farm. The publication further disparaged and injured Plaintiffs in their profession as poultry farmers.

■ Defendant asserts that Count II should be dismissed because the publication was made under qualified or conditional privilege and therefor it is necessary to plead express malice.

A qualified or conditional privilege arises when an otherwise libelous communication is made in good faith on any subject matter by one having an interest therein, or in reference to which he has a duty, to a person having a corresponding interest or duty. *Nodar v. Galbreath*, 462 So.2d 803 (Fla.1984); citing 19 Fla.Jur.2d *Defamation and Privacy*, s58 (1980). Florida courts have found the following elements essential to the finding of such a privilege: 1) good faith, 2) an interest to be upheld, 3) a statement limited in its scope to this purpose, 4) a proper occasion, and 5) publication is a proper manner. *Lundquist v. Alewine*, 397 So.2d 1148 (Fla. 5th D.C.A. 1981). Where there is evidentiary dispute as to existence or non-existence of a privilege there is a mixed question for jury determination. *Knepper v. Genstar Corp.*, 537 So.2d 619 (Fla. 3d D.C.A.1988).

The amended complaint here asserts that the testing done by Defendant did not follow the appropriate testing procedures and was done in a negligent manner. The Court finds that the allegations of the amended complaint raises factual issues concerning the existence of a qualified or conditional privilege, including the question of good faith and appropriate manner. Therefore, the question cannot be answer-

ed, as a matter of law, at this time and in the context of this motion to dismiss.

■ Defendant also contends that the prayer for punitive damages in Count II should be dismissed for failure to state a cause of action. The standard for awarding punitive damages in Florida for libel in a form of common law malice, evidence of ill will, hostility or an evil intention to defame and injure must be present. *Hunt v. Liberty Lobby*, 720 F.2d 631 (11th Cir. 1983). The Court finds that the amended complaint fails to state a cause of action for punitive damages in the libel action in Count II; therefore, the prayer for punitive damages should be stricken from Count II.

■ Defendant next moves to dismiss Count III of the amended complaint, negligence. The Court previously, order of March 10, 1989, found in regard to the negligence count of the original complaint that:

> [I]f it is determined that Plaintiffs are third-party beneficiaries to the contract in question, a cause of action for negligence in tort is not available, without a separate allegation of personal injury or property damage resulting from the breach of contract. *AFM Corporation v. Southern Bell Telephone and Telegraph Co.*, 515 So.2d 180 (Fla.1987). If Plaintiffs are not found to be third-party beneficiaries to the contract in question, they have available a cause of action for negligence, based on economic loss, under the appropriate standards of Florida law. *A.R. Moyer, Inc. v. Graham*, 285 So.2d 397 (Fla.1973).

The Court found that the complaint failed to sufficiently allege a tort "distinguishable from or independent of the breach of contract."

Plaintiffs' amended complaint, in an attempt to establish an independent tort for economic loss, now alleges they suffered "physical pain and suffering and emotional distress" caused by the publication of the report and the closing of the poultry farm. Therefore, Count III has not been pled in the alternative to Count I, breach of contract.

The Supreme Court of Florida in *Champion v. Gray*, 478 So.2d 17 (Fla.1985), addressed the issue of physical injury flowing from psychic trauma and emotional distress where there has been no physical impact. The court found the following requirements to finding such a cause of action: 1) a significant discernible physical injury, 2) the *physically* injured party should have been directly involved in the event causing the original injury, and 3) that the secondarily injured party must have an especially close emotional attachment to the directly injury person. The Court focused on the foreseeability of the injury of the physically damaged individual.

There is no "directly injured person" in this cause of action. The ruling in *Champion* was limited to the holding that "a claim for damages flowing from a significant discernible physical injury when such injury is caused by psychic trauma resulting from negligent injury imposed on another, who because of his relationship to the injured party and his involvement in the event causing that injury, is foreseeably injured." The Plaintiffs in this cause of action do not meet this criteria.

Therefore, Count III is properly pled in the alternative to Count I and the Court *sua sponte* amends the complaint to show that Count III is pled in the alternative. The next question by Defendant is whether or not the complaint states a cause of action, in the alternative, for negligence, assuming that Plaintiffs are not found to be third party beneficiaries to the contract in question. The Court has already determined that the complaint was sufficient in the March 10, 1989, order. Accordingly, it is

ORDERED that the motion to dismiss Counts II and III of the amended complaint be denied; that the motion to dismiss the prayer for punitive damages from Count II be granted; and Defendant shall have ten (10) days from the date of this order in which to answer the amended complaint.

DONE and ORDERED.