**Linda SWERHUN, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**No. 90–932–CIV–T–17B.**

United States District Court, M.D. Florida, Tampa Division.

Feb. 11, 1993.

See also 141 F.R.D. 342.

**1220**

Daniel E. Myers, Tallahassee, FL, for Linda L. Swerhun.

Douglas B. Brown, Charles P. Mitchell, Rumberger, Kirk & Caldwell, P.A., Orlando, FL, for General Motors Corp.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant, General Motors Corporation's (GM), motions for summary judgment or partial summary judgment as to Plaintiff, Linda Swerhun's, claim for damages related to emotional distress (Docket No. 47), and the liability issue as to Counts I, III and IV (Docket No. 49); responses thereto (Docket Nos. 56 & 57); and consolidated reply memorandum to responses (Docket No. 61).

### FACTUAL BACKGROUND

Plaintiff, Linda Swerhun, a shareholder in a GM automobile dealership brought action against GM for breach of fiduciary duty, breach of third-party beneficiary contract, breach of oral contract, and promissory estoppel. Plaintiff further claims that she is entitled to damages for emotional distress she has suffered as a result of GM's actions. GM moved for summary judgment on all counts.

### STANDARDS FOR SUMMARY JUDGMENT

■ This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as the existence of a genuine issue of material fact must be resolved against the moving party, not assessing the probative value of any evidence. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986),

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

### I. MOTION FOR SUMMARY JUDGMENT RELATING TO PLAINTIFF'S BREACH OF CONTRACT CLAIM

Defendant moves for summary judgment as to the claim for breach of contract. Plaintiff has acknowledged that summary judgment would be proper as to that count in light of the deposition testimony, admissions on file, and applicable law. Therefore, Defendant's motion for summary judgment relating to Plaintiff's breach of contract claim should be granted.

### II. MOTION FOR SUMMARY JUDGMENT RELATING TO PLAINTIFF'S CLAIM FOR EMOTIONAL DISTRESS

■ To be entitled to damages for emotional distress or mental anguish, a plaintiff must comply with Florida's impact rule. The impact rule, simply put, clearly and unequivocally bars recovery for emotional distress absent any direct physical impact upon the plaintiff or tortious conduct so egregious as to justify imputation of malice and assessment of punitive damages. *Butchikas v. Travelers Indemnity Co.*, 343 So.2d 816 (Fla.1977); *Crane v. Loftin*, 70 So.2d 574 (Fla.1954); *Brenner v. Professional Service Industries, Inc.*, 710 F.Supp. 1336, 1338 (M.D.Fla.1989); *S.H. Investment and Development Corp. v. Kin-*

*caid,* 495 So.2d 768, 770 (Fla. 5th DCA 1986); *American Federation of Government Employees v. DeGrio,* 454 So.2d 632, 637–39 (Fla. 3d DCA 1984); *Peacock v. General Motors Acceptance Corp.,* 432 So.2d 142, 146 (Fla. 1st DCA 1983); *Stetz v. American Casualty Co. of Reading, Pa.,* 368 So.2d 912 (Fla. 3d DCA 1979), *cert. denied,* 378 So.2d 349 (Fla.1979). In essence, the rule requires that a plaintiff either prove a physical impact upon his or her person causing the emotional distress or mental anguish or that the defendant's tortious conduct was so egregious as to be deemed malicious so as to warrant punitive damages.

■ Ms. Swerhun claims that GM's alleged breach of a fiduciary duty is not based on any written contract, but that it is a separate intentional tort for which compensatory damages, including emotional distress and/or mental anguish are proper. Even if Plaintiff's contention is true, the Plaintiff must still demonstrate how that alleged emotional distress or mental anguish was caused by the Defendant's physical impact upon her person or was so egregious as to be compensable. Plaintiff merely claims that because the Defendant's conduct rose to the level of an intentional tort, and because she has suffered emotional distress, she is entitled to damages for her emotional distress. However, that argument overlooks the clear application of Florida's impact rule.

■ The impact rule applies whether or not the Defendant's alleged breach of fiduciary duty was an intentional tort. Florida clearly applies the impact rule to intentional torts as well as negligence claims. In *S.H. Investment and Development Corp. v. Kincaid,* 495 So.2d 768, 770 (Fla. 5th DCA 1986), the court clearly held that damages for mental anguish are not recoverable when a defendant made intentional misrepresentations. Furthermore, in *Peacock v. General Motors Acceptance Corp.,* 432 So.2d 142, 146 (Fla. 1st DCA 1983), the court barred recovery of damages for mental anguish or stress recovery when Plaintiff alleged tortious interference with contract. Thus, even if Defendant's conduct

rose to the level of being an intentional tort, the Plaintiff has failed to demonstrate how any mental anguish or emotional distress she incurred was due to a physical impact upon her person.

Additionally, the impact rule in Florida holds that absent a physical injury, a plaintiff can recover damages for mental anguish only where it is shown the defendant acted with such malice that punitive damages would be justified. In this case, Plaintiff has failed to aver or demonstrate that the Defendant's alleged tortious conduct rose to the level of acting with such malice so as to justify punitive damages. Therefore, without such a showing, or even an allegation, that the Defendant's alleged tortious conduct was so malicious as to warrant punitive damages, the Plaintiff falls short of meeting the clear requirements of the impact rule as it applies in Florida.

The Plaintiff has failed to establish the existence of a genuine material fact as to liability on the part of General Motors with regards to the Plaintiff's emotional distress and the motion for summary judgment will be granted.

## III. MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM

The necessary elements of a promissory estoppel claim involve:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

*W.R. Grace and Company v. Geodata Services,* 547 So.2d 919, 920 (Fla.1989). The Florida Supreme Court clearly held that to support a claim for promissory estoppel, the promise must be "definite, of a substantial nature, and established by clear and convincing evidence." Further, the court went on to note that a promissory estoppel claim requires "a promise which the promisor should reasonably expect to induce action or forbearance ... and which

does induce such action or forbearance...."

Additionally, the Florida Supreme Court stated that whether justice requires enforcement of a promise depends upon:

The reasonableness of the promisee's reliance, on its definite and substantial character in relation to the remedy sought, on the formality with which the promise is made, on the extent to which the evidentiary, cautionary, deterrent and channelling functions of form are met by the commercial setting or otherwise, and on the extent to which such other policies as the enforcement of bargains and prevention of unjust enrichment are relevant.

*Id.* at 924.

██ Plaintiff alleges promissory estoppel in that GM "represented to Swerhun that it would allow Swerhun to be 'dealer/operator' under its franchise agreement and support her right to acquire majority ownership of a dealership." Plaintiff further alleges that GM "permitted or acquiesced in the removal of Swerhun as the 'dealer/operator' and 'dealer/owner' of Lynn Cadillac in a manner not permitted by the franchise agreements and inconsistent with the representations earlier made by GM and relied on by Swerhun."

Defendant, GM, contends that even if such promises were made, they were so vague in nature that they could not possibly create a binding agreement not to terminate the dealership five years later. Rule 56(c), Fed.R.Civ.P. provides that summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden is on the moving party to demonstrate the absence of a material, factual dispute. In determining whether this burden is met, however, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam). Against this backdrop, whether the promises GM made were of such a "definite" and "substantial nature" is a

genuine issue of material fact which is in dispute. Therefore, this issue is better left for the finder of fact to decide.

██ Furthermore, GM claims that Plaintiff did not detrimentally rely on such promises because she signed certain Shareholders Agreements prior to receiving the alleged promises. However, the defendant fails to recognize that the doctrine of promissory estoppel serves as an equitable remedy which can be applied to enforce oral promises that are not covered by statute of frauds. *W.R. Grace and Co.*, 547 So.2d at 924. Therefore, Plaintiff's promissory estoppel claims must withstand Defendant's motion for summary judgment.

## IV. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S BREACH OF FIDUCIARY CLAIM

██ Ms. Swerhun claims that GM acted as her "mentor" and "confidant" in acquiring a GM dealership through its minority development program. Further, she alleges, through her deposition testimony, that GM represented to her that once she obtained a dealership, it would "make sure that [her] interests in a dealership [would be] totally protected." Plaintiff states that because GM did not intervene on her behalf during a shareholder dispute to protect her interests, GM breached its fiduciary duty. Plaintiff claims that Defendant's breach of fiduciary duty did not arise out of the dealership contracts, but was a separate intentional tort arising out of a fiduciary duty which was created prior to, and collateral to the dealership contracts.

██ Florida law describes the creation and elements of a fiduciary duty by stating:

Courts of equity have carefully refrained from defining instances of fiduciary relations in such a manner that other and perhaps new cases might be excluded. It is settled by an overwhelming weight of authority that the principle extends to every possible case in which a fiduciary relation exists as a fact, in which there is confidence reposed on one side and the

resulting superiority and influence on the other. The relation and the duties involved in it need not be legal. It may be moral, social, domestic, or merely personal. The rule as thus stated has been repeatedly quoted with approval by this court.

It has been said that it exists, and that relief is granted, in which influence has been acquired and abused—in which confidence has been reposed and betrayed. The origin of the confidence and the source of the influence are immaterial. The rule embraces both technical fiduciary relations and those informal relations which exist whenever one [person] trusts in and relies upon another. The only question is, Does such a relation in fact exist?

*Garner v. Pearson,* 545 F.Supp. 549, 557 (M.D.Fla.1982) (Krentzman, C.J.), quoting *Quinn v. Phipps,* 93 Fla. 805, 113 So. 419 (1927); *see Browning v. Peyton,* 918 F.2d 1516, 1522 (11th Cir.1990). Whether fiduciary duties were created between two parties is a question of fact. *Morton v. Young,* 311 So.2d 755, 756 (Fla. 3d DCA 1975); *Garner v. Pearson,* 545 F.Supp. 549, 557 (M.D.Fla.1982); *Browning v. Peyton,* 918 F.2d 1516, 1522 (11th Cir.1990). The Plaintiff must bring forth substantial evidence showing some dependency by one party and some undertaking by the other party to advise, counsel, and protect the weaker party. *Lanz v. Resolution Trust Corp.,* 764 F.Supp. 176 (S.D.Fla.1991); *Cripe v. Atlantic First Nat. Bank,* 422 So.2d 820 (Fla.1982).

GM contends that the dealership agreements control all issues of fiduciary duties as well as all of the parties' rights recited therein as a matter of law. However, Ms. Swerhun's main point of contention is that a fiduciary duty arose out of statements and overtures made by GM in relation to her acquiring a GM dealership through GM's minority development program.

Whether a fiduciary duty arose between Ms. Swerhun and GM prior to and collateral to the dealership agreements, quite obviously, is a question of fact. Taking all of the pleadings in the light most favorable to the Plaintiff, the nonmoving party, there appears to be a genuine issue of material fact in dispute as to the relationship between Ms. Swerhun and GM. Therefore, Defendant GM's motion for summary judgment must be denied. Accordingly it is

**ORDERED** that Defendant's motions for summary judgment for summary judgment on the issues of promissory estoppel (Docket No. 49) and breach of fiduciary duty (Docket No. 49) be **denied;** the motions for summary judgment on the issues of breach of contract (Docket No. 49) and emotional distress (Docket No. 47) be **granted;** and the Clerk of the Court **shall** enter judgment for General Motors Corporation pursuant to this order.